# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL COVER SHEET

**FILED**

Apr 29 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

***Instructions:*** *Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.*

| | |
|---|---|
| **CASE NAME:** USA v. Ernesto Madrigal | **CASE NUMBER:** CR 21-0182 JD  CR |
| **Is This Case Under Seal?** | Yes    No ✓ |
| **Total Number of Defendants:** | 1 ✓    2-7    8 or more |
| **Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** | Yes    No ✓ |
| **Venue (Per Crim. L.R. 18-1):** | SF ✓    OAK    SJ |
| **Is this a potential high-cost case?** | Yes    No ✓ |
| **Is any defendant charged with a death-penalty-eligible crime?** | Yes    No ✓ |
| **Is this a RICO Act gang case?** | Yes    No ✓ |
| **Assigned AUSA (Lead Attorney):** Ross Weingarten | **Date Submitted:** 4/29/2021 |
| **Comments:** | |

Form CAND-CRIM-COVER (Rev. 11/16)

RESET FORM    SAVE PDF

# United States District Court

FOR THE

**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

```
FILED
Apr 29 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO
```

UNITED STATES OF AMERICA,

V.

CR 21-0182 JD

ERNESTO MADRIGAL

DEFENDANT(S).

## INDICTMENT

VIOLATIONS:

21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) – Conspiracy to Distribute and Possess with Intent to Distribute Narcotics, to wit, Methamphetamine

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this __29th__ day of

__April 2021__.

Ada Means
Clerk

Bail, $ __no bail__

Hon. Jacqueline Scott Corley

1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney

FILED

Apr 29 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 21-0182 JD |
| Plaintiff, | VIOLATIONS: |
| v. | 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C) – Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; |
| ERNESTO MADRIGAL, | 21 U.S.C. § 853 – Forfeiture Allegation |
| Defendant. | |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1. Defendant Ernesto Madrigal lived in Alameda County in the Northern District of California. As alleged below, the defendant conspired with others to sell methamphetamine in Alameda County.

2. Methamphetamine is a Schedule I controlled substance.

COUNT ONE:    (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) – Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine)

3. The allegations contained above are hereby re-alleged and incorporated by reference.

4. On or about March 6, 2020, in the Northern District of California, the defendant,

INDICTMENT

ERNESTO MADRIGAL, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(C).

<u>Manner and Means of the Conspiracy</u>

5. MADRIGAL used the following manner and means, among others, to accomplish the objects of the conspiracy.

6. In early March 2020, MADRIGAL offered to sell one pound of methamphetamine in exchange for $1,250 in U.S. currency to an individual he believed to be a drug customer but who was, in fact, a confidential informant working with law enforcement (hereinafter referred to as "the Confidential Informant"). MADRIGAL also offered to "front" 10 pounds of methamphetamine to the Confidential Informant, meaning that MADRIGAL would provide that individual with 10 pounds of methacmphetamine to sell, and then the individual would return a portion of the proceeds to MADRIGAL at a later date. MADRIGAL also asked the Confidential Informant if he was interested in purchasing counterfeit pills.

7. MADRIGAL and the Confidential Informant agreed that MADRIGAL would sell one pound of methamphetamine to the Confidential Informant on March 6, 2020. On or about March 5, 2020, the defendant sent a text message to the Confidential Informant with a phone number for an individual named "Beto," who the defendant said would be delivering the methamphetamine on his behalf.

8. On March 6, 2020, the Confidential Informant and another individual posing as a drug customer who was, in fact, an undercover law enforcement officer (hereinafter referred to as the "Undercover Agent"), met with "Beto" at a prearranged location in Emeryville, California, which is in the Northern District of California. Prior to the meeting, MADRIGAL told the Confidential Informant over the phone that "Beto" would be arriving in a grey sedan, that he would have five pounds of methamphetamine packed together, and that "Beto" would separate out one pound of methamphetamine for the sale.

INDICTMENT                                      2

9. At approximately 6:41 p.m., "Beto" arrived at the meeting location in a grey Chrysler sedan. The Undercover Agent entered "Beto's" vehicle. The Undercover Agent noticed that "Beto" was on a phone call with someone, and the person on the call was audible through speakers in the car. Law enforcement believes that the person on the phone, who was listed in "Beto's" phone as "Tiger," was MADRIGAL.

10. "Beto" showed the Undercover Agent a ziplock plastic bag that appeared to have approximately five pounds of methamphetamine inside. MADRIGAL, "Beto," and the Undercover Agent then discussed the quality of the methamphetamine, specifically that it appeared to be powdery rather than in shards. MADRIGAL informed the Undercover Agent that the methamphetamine was of poor quality and that is why the price was cheap.

11. The Undercover Agent then handed "Beto" $1,250 in U.S. currency, and "Beto" separated out a portion of methamphetamine from the ziplock bag and gave it to the Undercover Agent. The Undercover Agent then exited "Beto's" vehicle.

12. DEA laboratory testing confirmed that the methamphetamine delivered by "Beto" on behalf of MADRIGAL to the undercover agent weighed 1,352.1 grams, with a purity of 28%, for a total of 353 grams of pure methamphetamine.

FORFEITURE ALLEGATION:   (21 U.S.C. § 853(a))

The allegations contained above are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a).

Upon conviction of any of the offense alleged in Count One above, the defendant,

ERNESTO MADRIGAL,

shall forfeit to the United States all right, title, and interest in any property constituting and derived from any proceeds defendant obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not limited to a forfeiture money judgment and the following:

    a. Approximately 1,352.1 grams of a mixture and substance containing methamphetamine;

    b. 250 counterfeit "M30" pills laced with fentanyl;

INDICTMENT                                                          3

1          b.      $4,250 in U.S. currency.

2     If any of the property described above, as a result of any act or omission of the defendant:

3          a.      cannot be located upon exercise of due diligence;

4          b.      has been transferred or sold to, or deposited with, a third party;

5          c.      has been placed beyond the jurisdiction of the court;

6          d.      has been substantially diminished in value; or

7          e.      has been commingled with other property which cannot be divided without

8                    difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853, and Federal Rule of Criminal Procedure 32.2.

DATED:  April 29, 2021                               A TRUE BILL.

                                                                  /s/
                                                            FOREPERSON
                                                            SAN FRANCISCO

STEPHANIE M. HINDS
Acting United States Attorney

      /s/
ROSS WEINGARTEN
Assistant United States Attorney

INDICTMENT                                 4

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) - Conspiracy to Possess with Intent to Distribute a Controlled Substance, to wit, Methamphetamine

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Maximum term of imprisonment: 20 years; Maximum fine: $1 million; Maximum term of supervised release: life; Minimum term of supervised release: 3 years; Mandatory $100 special assessment

**DEFENDANT - U.S**
▶ Ernesto Madrigal

**DISTRICT COURT NUMBER**
CR 21-0182 JD

**FILED**
Apr 29 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)
NDCA

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   ☐ Federal   ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
_____

☐ person is awaiting trial in another Federal or State Court, give name of court
_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District
_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO. _____

Name and Office of Person Furnishing Information on this form: Stephanie M. Hinds
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Ross Weingarten

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments: