UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERNESTO MADRIGAL,<br>Defendant. | Case No. 21-cr-00182-JD-1<br><br>**ORDER RE SENTENCE REDUCTION** |

The request to reduce defendant Ernesto Madrigal's sentence pursuant to 18 U.S.C. § 3582(c)(2), Dkt. No. 41, is denied.

The Court accepts a two-level decrease in defendant's offense level in light of recent amendments to the U.S. Sentencing Commission's Guidelines. *See* Dkt. No. 39. Defendant's recalculated offense level is consequently 25 and not 27, and his recalculated guidelines range is 57-71 months, rather than 70-87 months.[1] *Id*.

Even so, the Court finds that the prior sentence of 60 months in custody, which remains at the lower end of the recalculated guidelines range, is still an appropriate sentence under 18 U.S.C. § 3553(a) for the reasons stated at sentencing. As the Court noted, this was a serious offense, involving a significant volume of highly addictive, potentially life-threatening drugs. Nevertheless, the Court sentenced Madrigal to 60 months, which was a significant downward variance from the pre-amendment guidelines range of 70-87 months. In doing so, the Court carefully considered Madrigal's history and characteristics, which included his lack of criminal

---

[1] The parties' stipulation erroneously stated that the recalculated guidelines range is 57-61 months. Dkt. No. 41 at 2. The top of the range is 71 months, not 61 months.

history.  Other than the guideline amendments and a vague reference to his "post-sentencing conduct," Dkt. No. 41 ¶ 8, Madrigal has not pointed to any change in circumstance that might warrant a reduction to his 60-month sentence of imprisonment.

**IT IS SO ORDERED.**

Dated: January 29, 2024

JAMES DONATO
United States District Judge